UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**REGIONS BANK**                                              **CASE NO. 6:22-CV-00234**

**VERSUS**                                                    **JUDGE ROBERT R. SUMMERHAYS**

**ELITE SAND & AGGREGATES LLC, ET AL.**                       **MAGISTRATE JUDGE DAVID J. AYO**

**ORDER**

Before the Court is a Motion for Judgment Against Garnishee, filed by Plaintiff Regions Bank ("Regions").[1] Pursuant to the motion, Regions moves the Court to issue an order requiring Cenla Minerals, LLC ("Cenla") (the putative garnishee) to show cause why judgment should not be rendered against Cenla and in favor of Regions, due to Cenla's failure to file an answer to Regions' Garnishment Interrogatories.[2] Because it has not been shown that Cenla was properly served, the motion is denied.

Absent proper service of process, the Court lacks jurisdiction over a putative garnishee.[3] Here, Regions contends "Cenla was served with copies of the Writs of Garnishment on the Final Judgment on August 1, 2023. A copy of the service return from the U.S. Department of Justice is attached hereto as **Exhibit C**."[4] Exhibit C, which is the U.S. Marshal's "Process Receipt and Return," indicates service was attempted on "Cenla Minerals, LLC c/o DJ Perero" at "7313 LeLeux Road, New Iberia, LA 70560."[5] However, the person actually served was "Shawnie

---

[1] ECF No. 21.
[2] *Id.* at 2, ¶ 5.
[3] *See e.g. U.S. Rubber Co. v. Poage*, 297 F.2d 670, 673 (5th Cir. 1962); *Mid-City Inv. Co. v. Young*, 238 So.2d 780, 784 (La. Ct. App. 1970)
[4] ECF No. 21 at 2.
[5] ECF No. 21-3.

Perero." The "Remarks" section states "Residence. No one home. . . . Cenla Minerals not in Business. Served wife."

Under the Federal Rules of Civil Procedure:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure to the state where the court is located, but a federal statute governs to the extent it applies.[6]

Thus, Louisiana law governs this garnishment proceeding.[7] The Louisiana Code of Civil Procedure states, "The sheriff shall serve upon the garnishee the citation and a copy of the petition and of the interrogatories, together with a notice that a seizure is thereby effected against any property of or indebtedness to the judgment debtor."[8] The Code additionally states that "[s]ervice shall be made in the manner provided for service of citation. . . ."[9] Generally, Louisiana law requires that service of citation upon a limited liability company be "made by personal service on any one of its agents for service of process."[10] According to the Louisiana Secretary of State's Business Filings search page, the registered agent for Cenla Minerals, LLC is "DJ Perero."[11] Thus, service on Shawnie Perero would not appear to constitute effective service on Cenla Minerals, LLC.

For these reasons, Regions' Motion for Judgment Against Garnishee [ECF No. 21] is DENIED. Regions may re-urge the motion, after either: (1) properly serving Cenla Minerals, LLC,

---

[6] Fed. R. Civ. P. 69(a)(1).
[7] *See also Licea v. Curacao Drydock Co., Inc*., 952 F.3d 207, 212 (5th Cir.2015) ("FED. R. CIV. P. 64 and 69 provide that the law, both substantive and procedural, of the state where the federal court sits governs writs of garnishment unless a federal statute provides otherwise.")
[8] La. Code Civ. P. art. 2412(A)(1).
[9] *Id.* at 2412(C).
[10] La. Code Civ. P. art. 1266(A); *but see id.* at arts. 1266(B), 1267, and 1293 (exceptions to the general rule).
[11] https://www.sos.la.gov/BusinessServices/SearchForLouisianaBusinessFilings/Pages/default.aspx (last visited Oct. 27, 2023).

or (2) showing that the prior service of August 1, 2023 on Shawnie Perero constituted proper service on Cenla Minerals, LLC.

THUS DONE in Chambers on this 27th day of October, 2023.

                                        ROBERT R. SUMMERHAYS
                                 UNITED STATES DISTRICT JUDGE